IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00054-RLV
(5:11-CR-00052-RLV-1)

| | |
|---|---|
| GARY RICHARD LACKEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's pro se Rule 59(e) motion for reconsideration of this Court's Order denying and dismissing his motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. The Court finds that Petitioner's arguments are without merit.

Petitioner contends that paragraph 4 of his plea agreement with the Government is ambiguous concerning the mandatory minimum sentence he was facing if convicted. (5:14-CV-00054, Doc. No. 4 at 3). The written plea agreement provides, in relevant part, that Plaintiff was facing a sentence of not less than five years nor more than forty years upon conviction of a drug violation under 21 U.S.C. § 841. It further states that "[i]f, by the date the Defendant pleads guilty, the United States has filed notice of one or more prior felony drug convictions, the statutory penalties are not less than ten (10) years nor more than life imprisonment . . ." pursuant to 21 U.S.C. § 841(b)(1)(B). See (5:11-CR-00052, Doc. No. 24: Plea Agreement ¶ 4, filed Sept. 16, 2011). The plea agreement was filed on the same day as the Government's notice pursuant to 21 U.S.C. § 851 in which the Government alleged that Petitioner was subject to enhanced statutory penalties because of his prior drug conviction in the Middle District of North Carolina

1

in 1982. See (Id., Doc. No. 23: 851 Information). On September 20, 2011, four days after the Government filed its § 851 Information, Petitioner appeared with counsel before U.S. Magistrate Judge David Kessler and the maximum penalties were explained to him along with the elements of the § 841 offense, and Petitioner acknowledged that he understand the penalties – which was a sentence of no less than 10-years in prison based on Petitioner's prior 1982 drug conviction pursuant to § 851. Petitioner's plea of guilty was accepted after the court found that it was knowingly, voluntarily and intelligently entered into. Petitioner was later sentenced by this Court to the statutory minimum of 10-years' imprisonment and he filed an appeal in which he challenged the knowing and voluntary nature of his guilty plea. Specifically, Petitioner argued that his counsel rendered ineffective assistance in failing to inform him of the effect of § 851 Information which provided him with notice of the statutory minimum of 10-years that could apply if he had a prior qualifying conviction. The Fourth Circuit rejected this argument after finding that his Rule 11 hearing was properly conducted and he was clearly informed of the effect of the § 851 Information on his potential sentence and Petitioner's judgment was affirmed. See United States v. Lackey, 505 F. App'x 239 (4th Cir. 2013) (unpublished).

Petitioner's continued attack on the knowing and voluntary nature of his guilty plea must fail as it was established first by Judge Kessler, reaffirmed by this Court at sentencing and in his § 2255 proceeding, and most importantly, the Fourth Circuit has rejected this argument. For the foregoing reasons, the Court finds that Petitioner has failed to present any right to relief under Rule 59(e) of the Federal Rules of Civil Procedure. Therefore, his motion for relief will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Rule 59(e) motion for reconsideration is **DENIED**. (Doc. No. 4).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong). Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: August 26, 2014

Richard L. Voorhees
United States District Judge